# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40588**

———————————

**UNITED STATES**

*Appellee*

**v.**

**Dominic C. HAYMOND II**

Airman (E-2), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 23 September 2025

———————————

*Military Judge*: Joshua D. Rosen.

*Sentence*: Sentence adjudged 27 October 2023 by GCM convened at Robbins Air Force Base, Georgia. Sentence entered by military judge on 30 November 2023: Dishonorable discharge, confinement for 1 year and 8 months, total forfeiture of all pay and allowances for 20 months,[1] reduction to E-1, and a reprimand.

*For Appellant*: Major Frederick J. Johnson, USAF.

*For Appellee*: Colonel G. Matt Osborn, USAF; Colonel Matthew D. Talcott, USAF; Lieutenant Colonel J. Pete Ferrell, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF; Major Tyler L. Washburn, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before GRUEN, PERCLE, and MORGAN, *Appellate Military Judges*.

---

[1] At trial, the military judge announced a sentence of "total forfeiture of all pay and allowances for a period of 20 months." However, the entry of judgment (EoJ) reflects the sentence as "Forfeitures of Pay and/or Allowances: Total, per month for 20 months." Appellant did not allege error with this discrepancy, and even if we were to assume error, we find no prejudice.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

---

PER CURIAM:

A panel of officer and enlisted members sitting as a general court-martial convicted Appellant of one specification of sexual assault under the theory Appellant committed a sexual act upon CB when Appellant knew or reasonably should have known CB was asleep, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[2,3] The military judge sentenced Appellant to a dishonorable discharge, confinement for one year and eight months, total forfeitures of all pay and allowances for a period of 20 months, reduction to the grade of E-1, and a reprimand. Appellant requested the convening authority defer his reduction in grade until the date of the entry of judgment, and the convening authority denied this request. The convening authority took no action on the findings or the sentence.

Appellant raises three issues on appeal: (1) whether Appellant's constitutional rights were violated when he was convicted of an offense without a unanimous verdict; (2) whether the Government can prove 18 U.S.C. § 922 is constitutional as applied to Appellant when he was convicted of offenses that do not fall within the nation's historical tradition of firearm regulation; and (3) whether Appellant's conviction is factually sufficient "because the evidence upon which they are based is not credible."[4] We consider two additional issues: (4) whether Appellant is entitled to relief for a presumptively unreasonable post-trial delay of over 18 months between docketing and our decision in this case, and (5) whether the entry of judgment needs to be modified.

---

[2] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Of the sole Charge, the members acquitted Appellant of two specifications of sexual assault in violation of Article 120, UCMJ (Specifications 1 and 3). Also, the military judge granted the unopposed motion pursuant to R.C.M. 917 for a finding of not guilty for Specification 2 of the Charge which alleged sexual assault in violation of Article 120, UCMJ. All the specifications of sexual assault involved the same victim, his then-fiancée, CB.

[4] Issue 3 was personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

As to issue (1), Appellant is not entitled to relief. *See United States v. Anderson*, 83 M.J. 291 (C.A.A.F. 2023) (holding that a military accused does not have a right to a unanimous verdict under the Sixth Amendment,[5] the Fifth Amendment's due process clause, and the Fifth Amendment's component of equal protection[6]), *cert. denied*, 144 S. Ct. 1003 (2024).

As to issue (2), we have carefully considered Appellant's allegation of error and conclude it warrants neither discussion nor relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)); *see also United States v. Johnson*, __ M.J. __, No. 24-0004, 2025 CAAF LEXIS 499, at *13–14 (C.A.A.F. 24 Jun. 2025) (holding Courts of Criminal Appeals lack "authority to modify the [18 U.S.C.] § 922 indication" in the entry of judgment).

As to issue (3), Appellant claims his conviction is factually insufficient "because the evidence upon which they are based is not credible." Evidence adduced at trial included that on one evening between 1 February 2022 and 15 March 2022, Appellant was on a date with his then-fiancée, CB.[7] At the end of the evening CB was feeling unwell so she went to sleep in a shared hotel room with Appellant. After a time when CB slept and Appellant did not, Appellant decided he wanted to penetrate CB's vagina with his penis while CB was asleep, when Appellant knew or reasonably should have known she was asleep. During an Office of Special Investigations (OSI) interview, Appellant initially denied any sexual contact with CB while she was asleep, but later Appellant admitted he "got horny again I guess" and "and I know [CB] wasn't at all aware of anything that was going on" and he "did penetrate [CB]" for about "30 seconds" while she was "asleep" or "confused" about what was happening. CB testified she was feverish and "[woke] up with [Appellant's] penis inside [her] vagina." After they were no longer dating, CB called Appellant and told him she could "not stop thinking about what happened to [her] when [she] was sleeping." Appellant apologized to CB and "begged her not to tell anyone." Assuming without deciding that Appellant's claim of deficiency is sufficient for our review, the finding of guilty was not against the weight of the evidence, and therefore, is factually sufficient. *See United States v. Harvey*, 85 M.J. 127, 130–31 (C.A.A.F. 2024); Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2024 ed.) (2024 *MCM*).

Although not raised by Appellant, we note there was a presumptively unreasonable post-trial delay of over 18 months between docketing and our

---

[5] U.S. CONST. amend. VI.

[6] U.S. CONST. amend. V.

[7] At the time of the allegations, CB was an active duty Airman.

decision in this case. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) (establishing that a delay greater than 18 months in the review of a case by a Court of Criminal Appeals is presumptively unreasonable). Appellant submitted his initial assignments of error on 22 May 2025 (over 14 months after docketing). Although the time from docketing to issuing this opinion exceeded 18 months, Appellant made no specific assertion of the right to timely appellate review, and we find no particularized prejudice. *See id.* at 135–36 (reviewing claims of post-trial and appellate delay using the four-factor analysis found in *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Furthermore, the delay is not so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, accordingly, there is no due process violation. *See United States v. Arriaga*, 70 M.J. 51, 56 (C.A.A.F. 2011) (citing *Moreno*, 63 M.J. at 135). We also decline to exercise our power under Article 66(d)(2), UCMJ, 10 U.S.C. § 866(d)(2) (2024 *MCM*), to grant Appellant relief for the post-trial delay in this case. *See United States v. Valentin-Andino,* 85 M.J. 361, 364–67 (C.A.A.F. 2025).

Also not raised by Appellant, we address the language in the findings portion of the entry of judgment (EoJ).[8] At the close of the Government's case-in-chief, Appellant made an unopposed motion pursuant to Rule for Courts-Martial (R.C.M.) 917 for a finding of not guilty for Specification 2 of the Charge. The military judge granted this motion. However, the EoJ only reflects a finding of "NG" to Specification 2, instead of a finding of "NG *pursuant to R.C.M. 917.*" Accordingly, we find this portion of the EoJ as drafted lacks the particularity necessary to distinguish the members' finding with that of the military judge. Therefore, we hereby modify the EoJ in our decretal paragraph below by adding the emphasized language to the finding of Specification 2 of the Charge. *See* R.C.M. 1111(c)(2) (2024 *MCM*); Article 66(d)(2), UCMJ (2024 *MCM*).

We modify the entry of judgment by adding the words "pursuant to R.C.M. 917" after "NG" under "F" for Finding for Specification 2 of the Charge. The findings as entered and modified are correct in law and fact. Article 66(d)(1), UCMJ (2024 *MCM*). In addition, the sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. § 859(a), 866(d).

---

[8] We find this error did not materially prejudice Appellant's substantial rights.

Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court